# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

KEVIN JAMES SULLIVAN                                                              PLAINTIFF
ADC #115665

V.                                  No. 3:23-CV-104-DPM-JTR

JAZESMINE SANCHEZ,
Grievance/Compliance Officer,
Greene County Detention Center                                                    DEFENDANT

## ORDER

On May 8, 2023, Kevin James Sullivan, an inmate incarcerated in the Greene County, Arkansas Detention Center ("GCDC"), filed a "Formal Complaint." *Doc. 1*. The Clerk's office docketed that filing as a civil rights Complaint brought under 42 U.S.C. § 1983.

In his "Complaint," Sullivan alleges that a GCDC employee, Jazesmine Sanchez, is refusing to release him from detention. *Doc. 1 at 1–2*. According to Sullivan, on February 3, 2023, he pleaded guilty to the only criminal charge that was pending against him, one count of misdemeanor domestic battery, and was sentenced to time served. *Id.*

First, because Sullivan is seeking release from detention, and not challenging the conditions of his confinement, his "Complaint" is best categorized as a habeas petition brought under 28 U.S.C. § 2254. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citation omitted) ("habeas corpus is the exclusive remedy for a state prisoner

who challenges the fact or duration of his confinement and seeks immediate or speedier release").

Second, because Sullivan is a state prisoner challenging his custody pursuant to a state-court judgment, he must file the § 2254 habeas form approved and supplied by the Court—**Form AO-241**.[1] If Sullivan wishes to pursue this habeas action, he must, **on or before June 12, 2023**, file a **Form AO-241** stating his 2254 habeas claims.[2]

Third, Sullivan did not name a Respondent in his "Complaint." A petition for a writ of habeas corpus must name "the person who has custody over [the petitioner] and by virtue of what claim or authority[.]" 28 U.S.C. § 2242.[3] Because Sullivan is currently incarcerated in the GCDC, his **Form AO-241** must name as Respondent his current custodian.

Finally, Sullivan has not filed a proper motion to proceed *in forma pauperis* or paid the $5.00 filing fee. If he wishes to pursue this action, Sullivan must also

---

[1] *See* 28 U.S.C. § 2254 (governing habeas actions challenging custody pursuant to a state-court judgment); *see also* Rule 1(a)(1), Rules Governing § 2254 Cases in the District Courts (same).

[2] *See* § 2254 Rule 2(d) (requiring petitions to substantially follow the form appended to the rules or a form prescribed by a district-court local rule); *see also* Local Rule 9.1 (subject to limited exceptions not pertinent here, prisoners must submit claims for § 2254 relief on the forms approved and supplied by the Court).

[3] *See also* § 2254 Rule 2(a) (a petitioner who "is currently in custody under a state-court judgment . . . must name as respondent the state officer who has custody").

complete and file the Application to Proceed Without Prepayment of Fees and Affidavit on **Form AO-240**, or pay the $5.00 filing fee, **on or before June 12, 2023**. Otherwise, his "Complaint" will be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2).[4]

IT IS THEREFORE ORDERED THAT:

1. The Clerk of Court is directed to update the docket sheet to reflect that the "Formal Complaint" (*Doc. 1*) is a "Petition for Writ of Habeas Corpus," brought under 28 U.S.C. § 2254.

2. The Clerk of Court is directed to send Sullivan a blank 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (**Form AO-241**).

3. If Sullivan wishes to continue with this action, he must, **on or before June 12, 2023**: (a) fully complete the applicable sections of the 28 U.S.C. § 2254

---

[4] Rule 5.5(c)(2) of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas states:

> Parties appearing pro se. It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. *If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.* Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

(emphasis added); *see also* Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute and comply with court orders); § 2254 Rule 12 (applicability of Federal Rules of Civil Procedure in habeas proceedings).

Petition (**Form AO-241**); (b) name his current custodian, the Greene County Sheriff, as the Respondent; (c) sign and date the form on the applicable page; and (d) file the completed and signed form with the Court.

4. The Clerk of Court is directed to send Sullivan an Application to Proceed Without Prepayment of Fees and Affidavit (**Form AO-240**).

5. If Sullivan wishes to continue with this action, he must, **on or before June 12, 2023**, either: (1) file the completed Application, including the Certificate of Prisoner Accounts;[5] **or** (2) pay the $5.00 filing fee, in full.[6] If Sullivan fails to timely and properly comply with this Order, this habeas action may be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2).

6. Service of the Petition is not appropriate at this time.

DATED this 15th day of May, 2023.

_____
UNITED STATES MAGISTRATE JUDGE

---

[5] The Certificate must be signed by an authorized officer at the incarcerating facility.

[6] Sullivan's payment must clearly indicate that it is payment of the filing fee in this action: *Sullivan v. Sanchez*, No. 3:23-CV-104-DPM-JTR.