# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

KEVIN JAMES SULLIVAN                                              PLAINTIFF

V.                          No. 3:23-CV-104-DPM-JTR

JAZESMINE SANCHEZ,
Grievance/Compliance Officer,
Greene County Detention Center                                    DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge D. P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Introduction

On May 8, 2023, Petitioner Kevin Sullivan ("Sullivan") filed a document titled "Formal Complaint" while incarcerated in the Greene County Detention Center. *Doc. 1*. Sullivan's Formal Complaint contained allegations suggesting he was being unconstitutionally detained in the Greene County Detention Center.

On May 15, 2023, the Court entered an Order construing Sullivan's Complaint

as a § 2254 "Petition for Writ of Habeas Corpus." The Clerk of Court was directed to send Sullivan a **Form AO-241** which is designed to assist prisoners in filing a § 2254 habeas action. The Order also required Sullivan to: (1) complete the **Form AO-241** by June 12, 2023; and (2) either file a completed Application to Proceed Without Prepayment of Fees and Affidavit (**Form AO-240**) **or** pay the $5.00 filing fee by June 12, 2023. *Doc. 2*. The Court advised Sullivan that if he failed "to timely and properly comply with this Order," his habeas action may "be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2)." *Id.*

As of the date of this Recommended Disposition, Sullivan has failed to file a § 2254 habeas action using **Form AO-241** as directed in the May 15 Order, and it is now long past the deadline for doing so.[1] Accordingly, the Court should dismiss this habeas action, without prejudice, due to Sullivan's failure to comply with Local Rule 5.5(c)(2).

---

[1] On July 17, 2023, Sullivan filed a Notice to the Court which states that "the wrongful act of keeping a dropped charge on [my final] has been dropped after three months but I was on parole proceedings as well. So I move to stop habeas petition before it starts but Complaint to remain due to Jazemin Sanchez blocking procedural actions (etc)." *Doc. 5 at 1*. Because Sullivan suggests that he has received the relief he requested, this case also appears to be moot.

Sullivan filed another Complaint against the same Defendant (Jazesmine Sanchez). This Complaint is a 42 U.S.C. § 1983 Complaint filed in Case Number 3:23-CV-00134-DPM-JTR.

## II. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Sullivan's 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus be DISMISSED, without prejudice, for failure to prosecute.

2. All pending motions be DENIED as moot.

3. A Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

DATED this 23rd day of August, 2023.

_____
UNITED STATES MAGISTRATE JUDGE